# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-2569
_____

BRIAN LEIGHTON,

     Appellant,

     v.

KRATOS LOGISTICS, LLC and
ASCENDANT CLAIMS SERVICES,

     Appellees.

_____


On appeal from the Office of the Judges of Compensation Claims.
Iliana Forte, Judge.

Date of Accident:  February 9, 2022.


May 6, 2026


PER CURIAM.

Claimant, Brian Leighton, appeals an amended final compensation order in which the Judge of Compensation Claims (JCC) deemed his most recent petition for benefits untimely under section 440.19(2), Florida Statutes.  For the reasons that follow, we hold that the petition was timely filed and, therefore, set aside the amended order.

As found by the JCC, Claimant sustained a compensable injury on February 9, 2022, while in the course and scope of his employment as a delivery driver.  On February 12, Claimant was evaluated by Dr. Bartoli, who prescribed medication and physical

therapy. On February 17, the employer/carrier (E/C) first learned of the accident and injury, and on February 22, the E/C authorized treatment and began to pay disability benefits. The E/C's final payment of indemnity benefits occurred on June 29, 2022. Claimant's final visit to an authorized health care provider occurred on August 1, 2022. On May 9, 2023, Claimant sought reimbursement from the E/C for Dr. Bartoli's care. The E/C reimbursed Claimant for that care the following day.

On March 1, 2024, Claimant filed the petition for benefits at issue, requesting treatment from a neurosurgeon, among other things. The E/C asserted that the petition was barred by the statute of limitations. Claimant argued below, as he does on appeal, that the E/C's May 2023 reimbursement rendered his petition timely. The JCC found merit in the statute of limitations defense, finding that the E/C's reimbursement did not constitute a "furnishing" of benefits under section 440.19(2), Florida Statutes. This appeal followed.

Pursuant to section 440.19(1), Florida Statutes (2021), a petition for benefits is barred unless it is filed "within 2 years after the date on which the employee knew or should have known that the injury or death arose out of work performed in the course and scope of employment." Section 440.19(2), Florida Statutes (2021), tolls the two-year period when "[p]ayment of any indemnity benefit or the furnishing of remedial treatment, care, or attendance pursuant to either a notice of injury or a petition for benefits [is made] . . . for 1 year from the date of such payment."

In *Estes v. Palm Beach County School District*, 51 Fla. L. Weekly D536a, 2026 WL 796496, *8 (Fla. 1st DCA Mar. 23, 2026) (en banc), we recently held that section 440.19(2) suspends or temporarily stops the limitation period set forth in subsection (1) rather than extending it, as our previous case law had concluded. There, the claimant received workers' compensation benefits immediately following her workplace accident in 2021 until January 2023. *Id.* at *1. We concluded that the one-year tolling clock contained within section 440.19(2) stopped the running of the two-year-limitations-period clock after the accident until one year after she received those benefits, which was through at least January 2024. *Id.* at *7. As such, when the claimant filed her

2

petition for benefits in June 2024, she was only about six months into the running of the two-year-limitations-period clock, which did not expire until January 2026. *Id.* For that reason, we set aside the final order's dismissal of the petition. *Id.*

Based upon our holding in *Estes*, we need not consider here whether the E/C's May 2023 reimbursement to Claimant constituted a furnishing of benefits under section 440.19(2) sufficient to toll the statute of limitations. This is because, as the JCC found, and as the E/C acknowledges, the last provision of authorized medical care for Claimant occurred on August 2, 2022. In accordance with the holding of *Estes* and pursuant to section 440.19(2), that furnishing of care tolled section 440.19(1)'s two-year-limitations-period clock until one year after receipt of that care. In other words, subsection (2)'s two-year-limitations period did not begin to run until August 2023. The petition for benefits at issue was filed in March 2024, squarely within that two-year period.

Because dismissal of Claimant's petition for benefits was not warranted in this case, we SET ASIDE the order under review.

OSTERHAUS, C.J., and LEWIS and TREADWELL, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Michael J. Winer of Winer Law Group PA, Tampa, for Appellant.

Kimberly J. Fernandes of Kelley Kronenberg, Tallahassee, for Appellees.